1  Steven J. Nataupsky (SBN 155913)
   steven.nataupsky@knobbe.com
2  Sheila N. Swaroop (SBN 203476)
   sheila.swaroop@knobbe.com
3  Marko R. Zoretic (SBN 233952)
   marko.zoretic@knobbe.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
5  Fourteenth Floor
   Irvine, CA  92614
6  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
7
   Attorneys for Plaintiff ZAGG INC and MOPHIE, INC.
8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12  ZAGG INC, a Delaware              ) No. 8:17-CV-2193
    Corporation, and MOPHIE, INC., a  )
13  California Corporation,           ) **COMPLAINT FOR PATENT**
                                      ) **INFRINGEMENT**
14            Plaintiffs,             )
                                      )
15        v.                          ) **DEMAND FOR JURY TRIAL**
                                      )
16  ANKER TECHNOLOGY CO.             )
    LTD., a Hong Kong company, and    )
17  FANTASIA TRADING LLC, a          )
    Delaware Corporation,             )
18                                    )
              Defendants.             )
19  _____ )

20

21

22

23

24

25

26

27

28

Plaintiffs ZAGG Inc ("ZAGG") and MOPHIE, INC. ("mophie") (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby complain of Defendants Anker Technology Co. Ltd. and Fantasia Trading LLC (collectively, "Defendants") for infringement of the United States Patents identified herein, and alleges as follows:

## I.  JURISDICTION AND VENUE

1.      Jurisdiction and venue are proper over Defendants in this district for the reasons set forth in this complaint.

2.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and more particularly 35 U.S.C. §§ 271 and 281.

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this judicial district, including by importing, selling, and offering for sale infringing products in this judicial district and by committing acts of patent infringement in this judicial district, including, but not limited to, importing and selling (at least through its online store www.anker.com) infringing protective battery cases for smartphones directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in this district, which acts form a substantial part of the events or omissions giving rise to Plaintiffs' claim.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## II.  PARTIES

6.      Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1–5 of this Complaint as if set forth fully herein.

7.     ZAGG Inc is a corporation organized under the laws of the State of Delaware, with its principal place of business at 910 West Legacy Center Way, Suite 500, Midvale, Utah 84047.

8.     ZAGG is an innovation leader in mobile technology accessories for smartphones and tablets.  ZAGG's commitment is to enhance every aspect of performance, productivity and durability in mobile devices with creative product solutions.

9.     mophie, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 15101 Red Hill Avenue, Tustin, California 92780. mophie is a wholly owned subsidiary of ZAGG.

10.     mophie designs and develops innovative products in the consumer electronics area.  These products include several protective battery case designs for the iPhone sold by Apple, Inc. ("Apple") and other smartphones, which provide both a protective case and a portable backup battery source that can recharge the smartphone if its internal battery is drained of power.  Throughout the United States, mophie is a market leader in protective battery case products for the iPhone and other smartphones.

11.     Upon information and belief, Defendant Anker Technology Co. Ltd. is a company organized under the laws of Hong Kong having a principal place of business at Rm 1318-19, Hollywood Commercial Center, 610 Nathan Road, Mongkok Kowloon, Hong Kong.  Upon information and belief, Mr. Meng (Steven) Yang is the founder and Chief Executive Officer of Anker Technology Co. Ltd.

12.     Upon information and belief, Defendant Fantasia Trading LLC is a Delaware corporation with a principal place of business at 9155 Archibald Ave ste 202, Rancho Cucamonga, California  91730.  Upon information and belief, Mr. Meng (Steven) Yang is the founder of Fantasia Trading LLC.  According to Fantasia Trading LLC's Statement of Information filed with the California

Secretary of State on June 15, 2017, Mr. Meng Yang is the Chief Executive Officer of Fantasia Trading LLC, having an address at 9155 Archibald Ave ste 202, Rancho Cucamonga, California, 91730.

13.     Upon information and belief, Fantasia Trading LLC is a wholly owned subsidiary of Anker Technology Co., Ltd., a Hong Kong entity.  On information and belief, Anker Technology Co. Ltd. is a wholly owned subsidiary of Anker Holding Ltd., a Cayman Islands entity.  On information and belief, Anker Holding Ltd. is a wholly owned subsidiary of Hunan Oceanwing E-commerce, Ltd., a Hong Kong entity.

14.     Upon information and belief, Defendants do business in this judicial district and have committed acts of infringement in this judicial district.

### III.  GENERAL ALLEGATIONS

15.     Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1–14 of this Complaint as if set forth fully herein.

16.     On March 3, 2015, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,971,039 ("the '039 Patent"), entitled "Battery Pack, Holster, and Extendible Processing and Interface Platform for Mobile Devices."  mophie is the true owner by assignment of all right, title and interest in the '039 Patent.  A true and correct copy of the '039 Patent is attached hereto as Exhibit 1.

17.     On July 7, 2015, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,077,013 ("the '013 Patent"), entitled "Battery Pack, Holster, and Extendible Processing and Interface Platform for Mobile Devices."  mophie is the true owner by assignment of all right, title and interest in the '013 Patent.  A true and correct copy of the '013 Patent is attached hereto as Exhibit 2.

/ / /

18. On July 21, 2015, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,088,028 ("the '028 Patent"), entitled "Battery Pack, Holster, and Extendible Processing and Interface Platform for Mobile Devices." mophie is the true owner by assignment of all right, title and interest in the '028 Patent. A true and correct copy of the '028 Patent is attached hereto as Exhibit 3.

19. On July 21, 2015, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,088,029 ("the '029 Patent"), entitled "Battery Pack, Holster, and Extendible Processing and Interface Platform for Mobile Devices." mophie is the true owner by assignment of all right, title and interest in the '029 Patent. A true and correct copy of the '029 Patent is attached hereto as Exhibit 4.

20. On October 27, 2015, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,172,070 ("the '070 Patent"), entitled "Battery Pack, Holster, and Extendible Processing and Interface Platform for Mobile Devices." mophie is the true owner by assignment of all right, title and interest in the '070 Patent. A true and correct copy of the '070 Patent is attached hereto as Exhibit 5.

21. On August 2, 2016, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,406,913 ("the '913 Patent"), entitled "Battery Case for Mobile Devices." mophie is the true owner by assignment of all right, title and interest in the '913 Patent. A true and correct copy of the '913 Patent is attached hereto as Exhibit 6.

## IV. **FIRST CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 8,971,039)

22. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1–21 of this Complaint as if set forth fully herein.

23.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and are continuing to directly infringe one or more claims of the '039 Patent, including, without limitation, direct infringement of Claim 14, by making, using, selling, offering for sale in the United States, and/or importing into the United States, protective battery cases for smartphones, including the Ultra Slim Extended Battery Case for iPhone 6 / 6s (4.7 inch) with 2850mAh capacity ("Anker Ultra Slim Extended Battery Case").

24.     For example, the Anker Ultra Slim Extended Battery Case includes all of the limitations of Claim 14 of the '039 Patent.

25.     The Anker Ultra Slim Extended Battery Case is a case for an electronic device having a lower case portion comprising a base surface upon which a back of a housing of the electronic device will be placed against, wherein the base surface comprises a top edge.  A battery is enclosed in the lower case portion, which includes electronic circuitry, coupled to the battery. The lower case portion includes a lower sidewall, connected to the base surface at an end opposite of the top edge, that will be positioned against a bottom side edge of the electronic device.  The lower case portion also includes an inner connector, on the lower sidewall, positioned to connect to a connector of the electronic device, and coupled through the electronic circuitry to the battery. The lower case portion further includes an outer connector, positioned on an outside bottom side of the lower case portion, coupled through the electronic circuitry to the battery and inner connector.  The case includes an upper case portion comprising an upper sidewall that will be positioned against a top side edge of the electronic device when the upper case portion is seated against the lower case portion; and an open side end, opposite of the upper sidewall.  The upper case portion slides onto the lower case portion through the open side end in a direction along the base surface from the top edge to the lower sidewall.

When the upper case portion is seated against the lower case portion, the upper and lower case portions meet at and form a seam which extends across a back of the case. When the upper case portion is seated against the lower case portion, a first open-polygon-shaped opening for the lower case portion merges with a second open-polygon-shaped opening for the upper case portion to form a front opening of the case through which a screen of the electronic device will be visible, the front opening having a closed shape. When the interface of the mobile device is connected to the internal interface of the bottom section and the screen of the mobile device faces up the battery cell is positioned under the back of the housing of the mobile device.

26. Defendants' acts of infringement of the '039 Patent were undertaken without permission or license from Plaintiffs.

27. As a direct and proximate result of Defendants' patent infringement, Defendants' have derived and received gains, profits, and advantages in an amount not presently known to Plaintiffs.

28. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendants' infringing acts with interest and costs as determined by this Court.

29. Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

30. Defendants will continue to directly infringe the '039 Patent to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

## V.  SECOND CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 9,077,013)

31. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1–30 of this Complaint as if set forth fully herein.

32. Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and are continuing to directly infringe one or

more claims of the '013 Patent, including, without limitation, direct infringement of Claim 1, by making, using, selling, offering for sale in the United States, and/or importing into the United States, protective battery cases for smartphones, including the PowerCore Case for iPhone 7 (4.7 inch), 80% Extra Battery ("Anker PowerCore Case, 80% Extra") and PowerCore Case for iPhone 7 (4.7 inch), 95% Extra Battery ("Anker PowerCore Case, 95% Extra") (collectively, "Anker PowerCore Cases").

33.     For example, the Anker PowerCore Cases include all of the limitations of Claim 1 of the '013 Patent.

34.     The Anker PowerCore Cases are battery cases for use with a mobile electronic device. The battery case includes a battery; a back wall configured to be positioned adjacent to at least a portion of a back side of a mobile electronic device; a bottom wall configured to be positioned adjacent to at least a portion of a bottom of the mobile electronic device; an upper wall configured to be positioned adjacent to at least a portion of a top of the mobile electronic device; a right side wall configured to be positioned adjacent to at least a portion of a right side of the mobile electronic device; a left side wall configured to be positioned adjacent to at least a portion of a left side of the mobile electronic device; a front opening configured such that a display of the mobile electronic device is visible through the front opening; a device interface configured to engage a corresponding interface on the mobile electronic device, wherein the battery is coupled to the device interface to provide electrical power to the mobile electronic device through the device interface, and wherein the device interface is configured to permit transfer of data to or from the mobile electronic device; and an external interface configured to recharge the battery, wherein the external interface is configured to enable the mobile electronic device to communicate with an external device; wherein the upper wall is

flexible to facilitate insertion of the mobile electronic device into the battery case.

35. Defendants' acts of infringement of the '013 Patent were undertaken without permission or license from Plaintiffs.

36. As a direct and proximate result of Defendants' patent infringement, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiffs.

37. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendants' infringing acts with interest and costs as determined by this Court.

38. Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

39. Defendants will continue to directly infringe the '013 Patent to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

## VI.  <u>THIRD CLAIM FOR RELIEF</u>

(Infringement of U.S. Patent No. 9,088,028)

40. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1–39 of this Complaint as if set forth fully herein.

41. Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and are continuing to directly infringe one or more claims of the '028 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, protective battery cases for smartphones, including the Anker Ultra Slim Extended Battery Case and Premium Extended Battery Case for iPhone 6 / 6s (4.7 inch) with 3100mAh Capacity ("Anker Premium Extended Battery Case").

42. For example, the Anker Ultra Slim Extended Battery Case includes all of the limitations of Claim 1 of the '028 Patent.

/ / /

43.     The Anker Ultra Slim Extended Battery Case is a battery case for a mobile electronic device.  The battery case includes a lower portion and an upper portion.  The lower portion includes a back wall configured to extend across at least a portion of a back side of a mobile electronic device; a battery housed within a thickness of the back wall; a lower right side wall configured to extend along a lower right side of the mobile electronic device; a lower left side wall configured to extend along a lower left side of the mobile electronic device; a bottom wall configured to extend along a bottom of the mobile electronic device; and a device interface extending upward from the bottom wall.  The device interface is configured to engage a corresponding interface on the mobile electronic device.  The battery is coupled to the device interface to provide electrical power to the mobile electronic device through the device interface.  The device interface is configured to permit transfer of data to or from the mobile electronic device.  The lower portion also includes an external interface configured to recharge the battery. The external interface is configured to enable the mobile electronic device to communicate with an external device.  The lower portion further includes a charge indicator configured to indicate the charge status of the battery.  The upper portion is configured to be movably separated from the lower portion to facilitate insertion of the mobile electronic device into the battery case.  The upper portion includes a top wall configured to extend along a top of the mobile electronic device; an upper right side wall configured to extend along an upper right side of the mobile electronic device; and an upper left side wall configured to extend along an upper left side of the mobile electronic device.  The upper portion and the lower portion are configured to slide together to a closed position to form a cavity for housing the mobile electronic device.  The front opening of the battery case is configured such that a display of the mobile electronic device is visible through the front opening.

44.    As another example, the Anker Ultra Slim Extended Battery Case and the Anker Premium Extended Battery Case include all of the limitations of Claim 11 of the '028 Patent.

45.    The Anker Ultra Slim Extended Battery Case and the Anker Premium Extended Battery Case are battery cases for a mobile electronic device.  The battery case includes a first portion and a second portion.   The first portion includes a back wall configured to extend across at least a portion of a back side of a mobile electronic device; a battery housed within a thickness of the back wall; a bottom wall configured to extend along a bottom of the mobile electronic device; and a device interface extending upward from the bottom wall.  The device interface is configured to engage a corresponding interface on the mobile electronic device.  The battery is coupled to the device interface to provide electrical power to the mobile electronic device through the device interface. The device interface is configured to permit transfer of data to or from the mobile electronic device.   The first portion also includes an external interface configured to recharge the battery.   The external interface is configured to enable the mobile electronic device to communicate with an external device.  The first portion further includes a charge indicator configured to indicate the charge status of the battery.  The second portion is configured to engage the first portion in a closed position and configured to be movably separated from the first portion in an open position.  The closed position forms a cavity for housing the mobile electronic device.   The front opening of the battery case is configured such that a display of the mobile electronic device is visible through the front opening in the closed position.   The open position is configured to facilitate insertion of the mobile electronic device into the battery case.  The second portion includes a top wall configured to extend along a top of the mobile electronic device; a right side wall configured to extend along a right

side of the mobile electronic device; and a left side wall configured to extend along a left side of the mobile electronic device.

46. Defendants' acts of infringement of the '028 Patent were undertaken without permission or license from Plaintiffs.

47. As a direct and proximate result of Defendants' patent infringement, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiffs.

48. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendants' infringing acts with interest and costs as determined by this Court.

49. Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

50. Defendants will continue to directly infringe the '028 Patent to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

## VII.  FOURTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 9,088,029)

51. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1–50 of this Complaint as if set forth fully herein.

52. Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and are continuing to directly infringe one or more claims of the '029 Patent, including, without limitation, direct infringement of Claim 1, by making, using, selling, offering for sale in the United States, and/or importing into the United States, protective battery cases for smartphones, including the Anker Ultra Slim Extended Battery Case, Anker Premium Extended Battery Case, and Anker PowerCore Cases.

53. For example, the Anker Ultra Slim Extended Battery Case, Anker Premium Extended Battery Case, and Anker PowerCore Cases include all of the limitations of Claim 1 of the '029 Patent.

54.     The Anker Ultra Slim Extended Battery Case, Anker Premium Extended Battery Case, and Anker PowerCore Cases are battery cases for use with a mobile electronic device.  The battery case includes a housing configured to at least partially enclose the mobile electronic device.  The housing comprises a back wall configured to be positioned adjacent to at least a portion of a back side of the mobile electronic device; a bottom wall configured to be positioned adjacent to at least a portion of a bottom of the mobile electronic device; a top wall configured to be positioned adjacent to at least a portion of a top of the mobile electronic device; a right side wall configured to be positioned adjacent to at least a portion of a right side of the mobile electronic device; a left side wall configured to be positioned adjacent to at least a portion of a left side of the mobile electronic device; and a front opening configured such that a display of the mobile electronic device is visible through the front opening.  A battery is disposed within the housing.  The battery case includes an internal interface extending from the bottom wall and configured to engage a corresponding interface on the mobile electronic device.  The battery is coupled to the internal interface to provide electrical power to the mobile electronic device through the internal interface.  The battery case also includes an external interface disposed on an outside of the housing and configured to receive electrical power to recharge the battery.  The battery case further includes a user input element configured to toggle the battery case between a charging configuration and a non-charging configuration while the mobile electronic device is in the battery case.  The battery case is configured to deliver electrical power from the battery to the mobile electronic device when in the charging configuration and to not deliver electrical power from the battery to the mobile electronic device when in the non-charging configuration.

55.     Defendants' acts of infringement of the '029 Patent were undertaken without permission or license from Plaintiffs.

56.     As a direct and proximate result of Defendants' patent infringement, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiffs.

57.     Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendants' infringing acts with interest and costs as determined by this Court.

58.     Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

59.     Defendants will continue to directly infringe the '029 Patent to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

## VIII.  FIFTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 9,172,070)

60.     Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1–59 of this Complaint as if set forth fully herein.

61.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and are continuing to directly infringe one or more claims of the '070 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, battery cases, including the Anker Ultra Slim Extended Battery Case and Anker Premium Extended Battery Case.

62.     For example, the Anker Ultra Slim Extended Battery Case includes all of the limitations of Claim 1 of the '070 Patent.

63.     The Anker Ultra Slim Extended Battery Case is a protective battery case for use with a mobile electronic device.  The battery case includes a lower casing portion and an upper casing portion.  The lower casing portion includes a battery; a back wall configured to extend across at least a portion of a back side of a mobile electronic device; a lower right side wall configured to extend along at least a portion of a lower right side of the mobile electronic device; a lower

left side wall configured to extend along at least a portion of a lower left side of the mobile electronic device; a bottom wall configured to extend along at least a portion of a bottom of the mobile electronic device; an open top side to facilitate insertion of the mobile electronic device into the lower casing portion; and an internal interface extending upward from the bottom wall. The internal interface is configured to engage a corresponding interface on the mobile electronic device. The battery is coupled to the internal interface to enable the provision of electrical power to the mobile electronic device through the internal interface. The internal interface is configured to permit transfer of data to or from the mobile electronic device. The lower casing portion also includes an external interface configured to receive electrical power to recharge the battery. The external interface is electrically coupled to the internal interface to enable the mobile electronic device to communicate with an external device via the internal interface and the external interface while the mobile electronic device is mounted in the protective battery case. The lower casing portion further includes a user input element configured to enable a user to start and stop charging from the battery to the mobile electronic device. The upper casing portion is configured to removably couple to the lower casing portion to form a casing that is configured to at least partially enclose the mobile electronic device. The upper casing portion includes a top wall configured to extend along at least a portion of a top of the mobile electronic device; an upper right side wall configured to extend along at least a portion of an upper right side of the mobile electronic device; and an upper left side wall configured to extend along at least a portion of an upper left side of the mobile electronic device. The front opening of the protective battery case is configured such that a display of the mobile electronic device is visible through the front opening.

///

///

64.     As another example, the Anker Ultra Slim Extended Battery Case and Anker Premium Extended Battery Case include all of the limitations of Claim 11 of the '070 Patent.

65.     The Anker Ultra Slim Extended Battery Case and Anker Premium Extended Battery Case are protective battery cases for use with a mobile electronic device. The protective battery case includes a first and second casing portion. The first casing portion includes a battery; a back wall configured to extend across at least a portion of a back side of a mobile electronic device; a bottom wall configured to extend along at least a portion of a bottom of the mobile electronic device; an open top side to facilitate insertion of the mobile electronic device into the first casing portion; and an internal interface extending from the bottom wall. The internal interface is configured to engage a corresponding interface on the mobile electronic device. The battery is coupled to the internal interface to provide electrical power to the mobile electronic device through the internal interface. The internal interface is configured to permit transfer of data to or from the mobile electronic device. The first casing portion also includes an external interface configured to receive electrical power to recharge the battery. The external interface is electrically coupled to the internal interface to enable the mobile electronic device to communicate with an external device via the internal interface and the external interface while the mobile electronic device is mounted in the protective battery case. The first casing portion also includes a user input element configured to enable a user to start and stop charging from the battery to the mobile electronic device. The second casing portion is configured to removably couple to the first casing portion to form a casing that is configured to at least partially enclose the mobile electronic device. The second casing portion includes a top wall configured to extend along at least a portion of a top of the mobile electronic device; a right side wall configured to extend along at least a portion of a right side of the

mobile electronic device; and a left side wall configured to extend along at least a portion of a left side of the mobile electronic device. The front opening of the protective battery case is configured such that a display of the mobile electronic device is visible through the front opening.

66. Defendants' acts of infringement of the '070 Patent were undertaken without permission or license from Plaintiffs.

67. As a direct and proximate result of Defendants' patent infringement, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiffs.

68. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendants' infringing acts with interest and costs as determined by this Court.

69. Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

70. Defendants will continue to directly infringe the '070 Patent to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

## IX. <u>SIXTH CLAIM FOR RELIEF</u>

(Infringement of U.S. Patent No. 9,406,913)

71. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1–70 of this Complaint as if set forth fully herein.

72. Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and are continuing to directly infringe one or more claims of the '913 Patent, including, without limitation, direct infringement of Claim 1, by making, using, selling, offering for sale in the United States, and/or importing into the United States, protective battery cases for smartphones, including the Anker Ultra Slim Extended Battery Case.

73. For example, the Anker Ultra Slim Extended Battery Case includes all of the limitations of Claim 1 of the '913 Patent.

74.     The Anker Ultra Slim Extended Battery Case is a case for a mobile device. It includes a bottom section that comprises a back wall upon which at least a portion of a back of a housing of the mobile device will be placed against, wherein the back wall comprises a top edge; a battery cell, enclosed in the bottom section; electronic circuitry, coupled to the battery cell; a bottom sidewall, connected to the back wall at an end opposite of the top edge, that will be positioned against at least a portion of a bottom side edge of the mobile device; an internal interface, on the bottom sidewall, positioned to connect to an interface on the mobile device, and coupled through the electronic circuitry to the battery cell; and an external interface, positioned on an outside of the bottom section, coupled through the electronic circuitry to the battery cell and internal interface. The case also includes a top section that comprises a top side that will be positioned against at least a portion of a top side edge of the mobile device when the top section is seated against the bottom section; and an open side end, opposite of the top side, wherein the top section slides onto the bottom section through the open side end, wherein when the top section is seated against the bottom section, the top and bottom sections meet at and form a seam, which extends across a back of the case. When the top section is seated against the bottom section, a first open-polygon-shaped opening for the bottom section merges with a second open-polygon-shaped opening for the top section to form a front opening of the case through which a screen of the mobile device will be visible, the front opening having a closed shape.

75.     Defendants' acts of infringement of the '913 Patent were undertaken without permission or license from Plaintiffs.

76.     As a direct and proximate result of Defendants' patent infringement, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiffs.

/ / /

77.     Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendants' infringing acts with interest and costs as determined by this Court.

78.     Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

79.     Defendants will continue to directly infringe the '913 Patent to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

## X. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, including but not limited to, the following relief:

1.     For an Order adjudging Defendants to have infringed the '039 Patent, '013 Patent, '028 Patent, '029 Patent, '070 Patent, and '913 Patent under 35 U.S.C. § 271;

2.     A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from infringing the '039 Patent, '013 Patent, '028 Patent, '029 Patent, '070 Patent, and '913 Patent in violation of 35 U.S.C. § 271;

3.     That the Court award Plaintiffs damages to compensate it for Defendants' infringement of the '039 Patent, '013 Patent, '028 Patent, '029 Patent, '070 Patent, and '913 Patent through payment of not less than a reasonable royalty on Defendants' sale of infringing products, including pre-judgment and post-judgment interest, and Plaintiffs' costs of suit herein pursuant to 35 U.S.C. § 284; and

/ / /

4.     That the Court award Plaintiffs such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  December 15, 2017     By: *s/ Sheila N. Swaroop*
Steven J. Nataupsky
Sheila N. Swaroop
Marko R. Zoretic

Attorneys for Plaintiffs
ZAGG INC and MOPHIE, INC.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs ZAGG Inc and mophie, Inc. demand a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 15,2017  By: _s/ Sheila N. Swaroop_
            Steven J. Nataupsky
            Sheila N. Swaroop
            Marko R. Zoretic

            Attorneys for Plaintiffs
            ZAGG INC and MOPHIE, INC.

27156789

-20-