Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Sheila N. Swaroop (SBN 203476)
sheila.swaroop@knobbe.com
Marko R. Zoretic (SBN 233952)
marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiffs-Counterdefendants
ZAGG INC and MOPHIE, INC.

Yitai Hu (SBN 248085)
yitai.hu@alston.com
Lenny Huang (SBN 264386)
lenny.huang@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Phone: (650) 838-2000
Facsimile: (650) 838-2001

Elizabeth H. Rader (SBN 184963)
elizabeth.rader@alston.com
Jennifer (Celine) Liu (SBN 268990)
celine.liu@alston.com
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Phone: (202) 239-3300
Facsimile: (202) 239-3333

Attorneys for Defendants-Counterclaimants
ANKER INNOVATIONS LIMITED and FANTASIA TRADING LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAGG INC, a Delaware Corporation, and MOPHIE, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANKER TECHNOLOGY CO. LTD., a Hong Kong company, and FANTASIA TRADING LLC, a Delaware Corporation,<br><br>Defendants.<br><br>AND RELATED COUNTER-ACTION | No. 8:17−cv−2193 DOC (DFMx)<br><br>Hon. David O. Carter<br><br>Discovery Document: Referred to Magistrate Judge Douglas F. McCormick<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs ZAGG Inc. and mophie, Inc. (collectively, "Plaintiffs"), and Defendants Anker Innovations Limited and Fantasia Trading LLC (collectively, "Defendants"), recognizing that each may have materials containing trade secret or other confidential business, financial, research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Stipulated Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

## GOOD CAUSE STATEMENT

Good cause exists for this Court to enter the Stipulated Protective Order because disclosure of the parties' confidential information would harm the parties financially and allow competitors to gain unfair advantage. For example, competitors could gain an unfair advantage over the parties if they learn the parties' confidential information, such as financial information, sales information, business and marketing strategy, or information concerning business operations. Such information would allow others to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties. Good cause further exists in that this Stipulated Protective Order will allow for the parties to disclose documents that may be required for the litigation of this matter without suffering from both an economic and business detriment that would result from the disclosure of confidential information to the parties' competitors and/or to the public.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" (collectively "Confidential

1  Information"). This Order shall not apply to information that, before disclosure,
2  is properly in the possession or knowledge of the party to whom such disclosure
3  is made, or is public knowledge. The restrictions contained in this Order shall
4  not apply to information that is, or after disclosure becomes, public knowledge
5  other than by an act or omission of the party to whom such disclosure is made,
6  or that is legitimately acquired from a source not subject to this Order.

   2. If a document or thing produced in response to a document request or in connection with a deposition, interrogatory answer, or admission (collectively "discovery response"), or a deposition, other transcript of testimony, or declaration or affidavit, contains information that in the good faith belief of a party and its counsel contains confidential information, such discovery response, or deposition or trial transcript shall be designated "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" by the party contending there is confidential information therein.

   3. If an exhibit, pleading, discovery response, document or thing, testimony, or other court submission is designated "Confidential," "Confidential-Attorney's Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar," the legend "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

   4. As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the receiving party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. A document may be designated "Confidential-Attorneys' Eyes Only" only when it contains the following highly sensitive information that is

maintained confidentially by the producing party: financial information; cost information; pricing information; sales information; trade secret information; customer, license, supplier, and vendor information; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or third parties. A document may be designated "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" only when it contains highly sensitive information that is maintained confidentially by the producing party and that relates either to the design of a party's products under development or to the design of products that have not been released to the public.

5. All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation, including any post-trial or appellate proceedings, and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorneys' Eyes Only" or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6. All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential," "Confidential-Attorneys Eyes Only," or "Confidential-Attorneys' Eyes Only,

Subject to Prosecution Bar" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 11-14.

7. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" at the time of the deposition or testimony, or within fourteen (14) days following receipt of the final, certified transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by notifying the other party, in writing, within fourteen (14) days after receipt of the final transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition, all transcripts shall be treated as "Confidential-Attorneys' Eyes Only" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 11-14 to review documents or materials designated "Confidential-Attorneys' Eyes Only" on behalf of that non-designating party.

8. All exhibits, pleadings, discovery responses, documents or things, testimony or other submissions, filed with the Court pursuant to this action that have been designated "Confidential," "Confidential-Attorney's Eyes Only,", or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar," by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential Information, shall be marked with the legend "Confidential," "Confidential- Attorney's Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar," or with a substantially similar variation thereof. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," "Confidential-

Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9. All Confidential Information used at a hearing or at trial shall become public absent a separate order from the Court upon written motion and sufficient cause shown. Any documents filed with the Court that contain Confidential Information shall follow the procedures set forth in Paragraph 8. If any party desires at a hearing or at trial to offer into evidence Confidential Information, or to use Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information. The party seeking to use the Confidential Information must provide the party that produced such Confidential Information sufficient time to request an order from the Court to limit the offer of such Confidential Information. The party seeking to use the Confidential Information stipulates that good cause exists and agrees to assist in any application or motion to preserve the confidentiality of such Confidential Information.

10. As used in this Order, "Trial Counsel" refers exclusively to the following:

(a) For Plaintiff: The attorneys, paralegals, agents, and support staff of Knobbe, Martens, Olson & Bear, LLP, but shall not under any circumstances include any current or former officer, director, or employee of Plaintiffs.

(b) For Defendants: The attorneys, paralegals, agents, and support staff of Alston & Bird LLP, but shall not under any circumstances include any current or former officer, director, or employee of the defendants.

(c) Others: Such additional attorneys as may be ordered by the Court, or subsequently may be agreed upon by the parties, such agreement not to be unreasonably withheld.

11. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below and only subject to paragraph 13:

(a) an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

(b) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by Trial Counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated "Confidential";

(e) witnesses during any deposition or other proceeding of this action, (i) who are the author or recipient of the "Confidential" material, (ii) who, based on evidence, have seen the material in the past, or (iii) who counsel for a party reasonably believes has knowledge of the contents of the document or the

specific events, transactions, discussions, or data reflected in the document, and upon the witness being advised of the need and agreeing to keep the records confidential;

    (f) any persons who appear on the face of the "Confidential" Information as an author or prior recipient thereof; and

    (g) any other persons as to whom the parties in writing agree.

    12. Material designated as "Confidential-Attorneys' Eyes Only" or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below and subject to paragraphs 13 and 14:

    (a) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

    (b) authors and prior recipients of any material bearing a "Confidential-Attorneys' Eyes Only" legend;

    (c) court reporter(s) employed in this action;

    (d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by Trial Counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated "Confidential-Attorneys' Eyes Only";

    (e) witnesses during any deposition or other proceeding in this action (i) who are the author or recipient of the "Confidential-Attorneys' Eyes Only" material, (ii) who, based on evidence, have seen the material in the past, or

(iii) who counsel for a party reasonably believes has knowledge of the contents of the document or the specific events, transactions, discussions, or data reflected in the document, and upon the witness being advised of the need and agreeing to keep the records confidential; and

   (f) any other persons as to whom the parties in writing agree.

  13. Each person identified under paragraphs 11(a)-(b) and 12(a), before having access to the Confidential Information, shall agree not to disclose to anyone not exempted by this Order any Confidential Information and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing the Agreement to be Bound by Protective Order in the form of Exhibit A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Counsel shall retain in his/her file until at least the conclusion of this litigation the original of each such signed Agreement to be Bound by Protective Order.

  14. Absent written consent from the producing party, any individual who reviews information qualifying as "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar"" shall not be involved in the prosecution of patents or patent applications relating to protective battery cases for mobile phones, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action before any foreign or domestic agency, including the United States Patent and Trademark Office ("the USPTO"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency or a patent owner in any such proceeding (including but not limited to a reissue protest, ex parte

reexamination, inter partes reexamination or review, opposition proceedings or administrative nullity actions). This prosecution bar shall begin when access to "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" information is first reviewed by the affected individual and shall end two years after the final termination of this action.

15. For the purpose of this Order, an independent expert or consultant shall be defined as a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

16. The right of any independent expert or consultant to receive any Confidential Information will be subject to the advance approval of such expert or consultant by the designating party or by permission of the Court.

(a) The party seeking approval of an independent expert or consultant must provide the designating party with a written notification, which includes the name and curriculum vitae of the proposed independent expert or consultant that includes a description of the expert or consultant's employment and consulting history during the past four years, and an executed copy of the form attached hereto as Exhibit A, at least five (5) calendar days in advance of providing any Confidential Information of the designating party to the expert or consultant.

(b) If the designating party does not convey an objection to the proposed disclosure within five (5) calendar days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed.

(c) If within five (5) calendar days of receipt of the written notification, the designating party gives notification of its objection to the disclosure of Confidential Information to the expert or consultant identified by

written notice, there shall be no disclosure to the expert/consultant at issue until such objection is resolved. The objection shall state the reasons why the designating party believes the identified individuals should not receive Confidential Material.

(d) If after meeting and conferring, the Parties do not otherwise resolve the dispute, the designating party must seek relief from the Court, by way of filing a motion within fourteen (14) days of the meet and confer. The filing and pendency of any such motion shall not limit, delay, or defer any disclosure of the Confidential Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery. If the designating party does not seek relief from the Court within this time period, the objection shall deemed to be resolved.

17. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Confidential Information pursuant to the terms of this Order.

18. A receiving party who objects to the designation of any document, discovery response, or deposition or other testimony as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" shall state the objection by letter which complies

with the requirements of Local Rule 37-1 to counsel for the producing party. Pursuant to Local Rule 37-1, counsel for the parties shall confer within ten (10) days following receipt of the letter stating the objection. If the objection is not resolved through the parties' meeting pursuant to Local Rule 37-1, the receiving party may move the Court to determine whether the document, discovery response or deposition or other testimony at issue qualifies for treatment as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar." The receiving party's motion must be accompanied by a written stipulation of the parties as required by Local Rule 37-2. If the receiving party files such a motion, the document, discovery response, or deposition or other testimony at issue will continue to be entitled to the protections accorded by this Order until and unless the Court rules otherwise. If the receiving party files such a motion, the producing party shall bear the burden of establishing that the document, discovery response or deposition or other testimony at issue qualifies for treatment as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar." Nothing herein shall operate as an admission by any party that any particular document, discovery response, or deposition or other testimony contains "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" Information for purposes of determining the merits of the claims in this litigation. A party shall not be obligated to challenge the propriety of the designation of any document, discovery response or deposition or other testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time. Further, a party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any document,

discovery response or deposition or other testimony to the Court for any purpose.

19. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the document, discovery response, or deposition or other testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such documents, discovery responses, or deposition or other testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

20. If, after producing documents or materials in the litigation, a producing party discovers that the documents or materials include information

that is properly subject to protection under the attorney-client privilege or the attorney work product doctrine, the producing party shall promptly provide written notice to the receiving party that the documents or materials were inadvertently produced and properly subject to protection under the attorney-client privilege or the attorney work product doctrine. Upon receiving such written notice from the producing party that privileged information or attorney work product material has been inadvertently produced, all such information, and all copies thereof, either shall be promptly returned to the producing party, or shall be destroyed and the receiving party shall promptly provide the producing party with notice that all such documents have been destroyed, except that the receiving party may retain one copy of the inadvertently produced material for the sole purpose of challenging the assertion of privilege or work product. If the receiving party disagrees with the designation of any such documents or materials as privileged or otherwise protected after conferring with the producing party in good faith, the receiving party may move the Court for production of the returned documents or materials. If the receiving party does not file such motion within fifteen (15) days after conferring with the producing party, the receiving party shall return the remaining copy to the producing party. The producing party shall retain all returned documents or materials for further disposition.

21. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without

prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

22. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

23. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

24. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a) whether any particular information is or is not Confidential Information;

(b) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

25. The terms of the Order are applicable to Confidential Information produced by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Order. To protect its own Confidential Information, a party may ask a non-party to execute the Agreement to be Bound by the Protective Order in the form of Exhibit A.

26. Within thirty (30) days following the termination of this action, including all appeals, all documents and materials designated by the opposing party as "Confidential," or "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar," except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instruction of the producing party. Upon request, counsel shall provide certification to opposing counsel that all such documents and materials have been returned or destroyed. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.

27. Nothing in this Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

28. Transmission by electronic mail to the following email addresses is acceptable for all notification purposes within this Order:

For Plaintiffs:

    Steven.Nataupsky@knobbe.com

    Sheila.Swaroop@knobbe.com

    Marko.Zoretic@knobbe.com

    Kendall.Loebbaka@knobbe.com

For Defendants:

    Yitai.Hu@alston.com

    Celine.Liu@alston.com

    Lenny.Huang@alston.com

    Elizabeth.Rader@alston.com

    ZAGG-Anker@alston.com

29. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit. This Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

**SO STIPULATED BY:**

    KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 25, 2018    By: /s/ *Sheila N. Swaroop*
    Steven J. Nataupsky
    Sheila N. Swaroop
    Marko R. Zoretic

    Attorneys for Plaintiffs-Counterdefendants
    ZAGG INC and MOPHIE, INC.

| | |
|---|---|
| | ALSTON & BIRD LLP |
| Dated: July 25, 2018 | By: /s/ *Elizabeth H. Rader* (with permission)<br>Elizabeth H. Rader<br>Yitai Hu<br>Lenny Huang<br>Jennifer (Celine) Liu |
| | Attorneys for Defendants-Counterclaimants ANKER INNOVATIONS LIMITED and FANTASIA TRADING LLC |

**IT IS SO ORDERED.**

Dated: July 26, 2018

_____
Hon. Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A
# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____ [print or type full address, and identify company, partnership or organization and its address if applicable], declare and say that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order in *ZAGG Inc. and mophie, Inc. v. Anker Innovations Limited and Fantasia Trading LLC*, 8:17−cv−2193 DOC (DFMx), pending in the United States District Court for the Central District of California, and have received a copy of the Stipulated Protective Order ("Protective Order"). I, and my above-identified company, partnership or organization, hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by court order.

3. I, and my above-identified company, partnership or organization, promise to use any and all "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I, and my above-identified company, partnership or organization, promise to not disclose or discuss such "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" information with anyone other than the persons authorized in accordance with paragraphs 11-12 of the Protective Order.

5. When I have completed my assigned or legal duties relating to this litigation, I, and my above-identified company, partnership or organization, will return all confidential documents and things that come into our possession, or

1. that we have prepared relating to such documents and things, to counsel for the party by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me, and my above-identified company, partnership or organization, from any of the continuing obligations imposed by the Protective Order.

6. I, and my above-identified company, partnership or organization, further agree to submit to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order, even if such enforcement proceedings occur after termination of this action.

7. I understand that any disclosure or use of "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only, Subject to Prosecution Bar" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

8. I am a duly authorized representative of _____ [identify company, partnership or organization if applicable] and have full authority to enter into this Undertaking on behalf of the above-identified company, partnership or organization as of the date set forth below.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2018 at _____.

_____

28190419

-19-